**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL ED ERIKSON,

       Plaintiff-Appellant,

v.

BP EXPLORATION &
PRODUCTION INC.

       Defendant-Appellee.

No. 13-6269
(D.C. No. 5:13-CV-00464-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McHUGH**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

Michael Ed Erikson appeals from the district court's order dismissing his

second amended complaint with prejudice. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

Mr. Erikson, proceeding pro se, sued BP Exploration & Production Inc. (BP) under the theory that BP used technical information provided by Mr. Erikson to cap the Deepwater Horizon well. According to Mr. Erikson, he was entitled to compensation from BP for its use of his idea.

BP moved to dismiss the original complaint under Rule 12(b)(5) of the Federal Rules of Civil Procedure or alternatively for failure to name the proper defendant. BP explained that Mr. Erikson had wrongly named "British Petroleum, plc," as the defendant, and in any event, his attempt to serve the London, England, based entity via certified mail was improper. The district court ordered Mr. Erikson "to file an amended complaint within ten days . . . naming an appropriate party Defendant. . . [and] ensur[ing] . . . proper[] . . . service of process." R. at 20.

Mr. Erikson filed a first amended complaint in which he pled a claim for "Good Faith/Breach of Good Faith" against BP. *Id*. at 24. BP moved to dismiss, this time under Rule 12(b)(6) of the Federal Rules of Civil Procedure. It argued that the claim was preempted by federal patent law, and in any event, Oklahoma did not recognize a cause of action for "breach of good faith" without pleading the breach of an underlying contract. In response, Mr. Erikson maintained that his claims were in fact for breach of contract and unjust enrichment, and offered to "Ammend (sic) [the] Original Petition to reflect the specific legal aspects" of his claims for breach of contract and unjust enrichment. *Id*. at 56.

- 2 -

On the same day that he filed his response, Mr. Erikson filed a second amended complaint in which he pled claims for "Good Faith/Breach of Good Faith (Breach of Contract)" and "Good Faith/Breach of Good Faith (Unjust Enrichment)." *Id.* at 85. The district court *sua sponte* struck the pleading because it was filed without leave of the court or BP's consent.

Eventually, the court granted Mr. Erikson's unopposed motion to file the second amended complaint. BP, once again, moved to dismiss under Rule 12(b)(6). Mr. Erikson filed a response to which he attached several exhibits. In granting the motion, the district court "conclude[d] without difficulty that [Mr. Erikson] has failed to allege sufficient facts to establish either the existence of a contract between himself and [BP] or the breach thereof." *Id.* at 168. "[T]here are simply no facts that there was an agreement between [Mr. Erikson] and BP." *Id.* Further, although Mr. Erikson "contends he responded to a solicitation by [BP], [there are] no allegations of an actual agreement nor sufficient facts from which the Court could discern that an implied contract existed." *Id.* As to the unjust enrichment claim, the court found that it was barred by Oklahoma's two-year statute of limitations.[1] Last, the court dismissed the action with prejudice because Mr. Erikson had failed three times to state any cognizable claims for relief.

---

[1] Mr. Erikson does not argue on appeal that the district court erred in finding that the unjust enrichment claim was barred by the statute of limitations. Therefore, we do not consider the issue. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely . . . decline[] to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

**Discussion**

Mr. Erikson maintains that the district court erred in concluding that the second amended complaint did not state a claim for breach of contract. He also argues that instead of dismissing the case with prejudice, the court should have construed his pro se complaint liberally to state a cause of action or allowed him further opportunity to address the deficiencies. Last, he argues error as to the court's failure to consider the materials attached to his response in opposition to BP's motion to dismiss in deciding whether the complaint stated a claim for relief. His arguments lack merit.

"The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Our task is to evaluate "whether the complaint contains enough facts to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). For a claim to have facial plausibility, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under *Iqbal's* plausibility standard, Mr. Erikson was required to plead facts that created a reasonable inference that there was a contract between himself and BP, express or implied, and that BP breached that contract. The substantive law of Oklahoma governs our analysis. *See Haberman v. Hartford Ins. Grp.*, 443 F.3d

- 4 -

1257, 1264 (10th Cir. 2006) ("In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims.").

Like the district court, we have no difficulty in determining that Mr. Erikson failed to plead enough facts to support the existence of an express or implied contract and a breach. In an express contract the terms "are stated in words." OKLA. STAT. tit. 15, § 132 (West 1996). In an implied contract, the existence and terms "are manifested by conduct." OKLA. STAT. tit. 15, § 133 (West 1996). "[B]oth express contracts and contracts implied in fact are founded on the mutual agreement of the parties." *Wattie Wolfe Co. v. Superior Contractors, Inc.*, 417 P.2d 302, 308 (Okla. 1966). The second amended complaint is devoid of any factual allegations to demonstrate any agreement between Mr. Erikson and BP or sufficient facts from which any agreement could be inferred. And because there was no contract, there can be no breach. *See Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001) ("[T]o recover on its breach of contract theory, [a party] need[s] to prove: 1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach."). Further, there are no factual allegations from which a breach could be inferred because Mr. Erikson never alleged what his idea was or how BP used it in capping the well.

Mr. Erikson's further argument that the district court failed to afford his pro se complaint a sufficiently liberal construction lacks merit. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than

formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But even a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury." *Id.*

Last, we disagree with Mr. Erikson that the district court erred in failing to consider the materials that he attached to his response in opposition to BP's motion to dismiss the second amended complaint. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). There are limited exceptions to the general rule, but none of them are implicated by the materials attached to Mr. Erikson's response. Thus, the court did not err in failing to consider them.

The judgment of the district court is affirmed.

Entered for the Court

John C. Porfilio
Circuit Judge

- 6 -